People v J.W. (2025 NY Slip Op 51095(U))

[*1]

People v J.W.

2025 NY Slip Op 51095(U)

Decided on July 10, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
Youth Part, Erie County

The People of the State of New York

against
J.W., D.R. AOs.

Docket No. FYC-71791-25/001

Nicholas Marino, Esq. (Assistant District Attorney)
Seth Seegert, Esq. (for Principal D.R.)
Michael Cimasi, Esq. (for Principal J.W.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas Marino, Esq. (Assistant District Attorney), dated June 17, 2025; responsive papers having been received on June 25, 2025 from Seth Seegert, Esq. on behalf of AO D.R.; responsive papers having been received on June 24 2025 from Michael Cimasi, Esq. on behalf of AO J.W.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO D.R. is charged under FYC-71791-25/001 and AO J.W. is charged under FYC-71794-25/001 with the following: one count of Criminal Possession of a Weapon, Second Degree, in violation of Penal Law Section 265.03(3), a class C Violet felony, one count of Criminal Possession of Stolen Property, Fourth Degree, in violation of Penal Law Section 165.50, a class D felony, Unlawfully Fleeing a Police Officer, in violation of Penal Law Section 270.25, a class A Misdemeanor, one count of Obstruction of Governmental Administration, Second Degree, in violation of Penal Law Section 195.05, one count of Resisting Arrest, in violation of Penal Law Section 205.50, and Reckless Driving, in violation of VTL 1212.
AO D.R. and AO J.W. were arraigned on May 19, 2025 in Erie County Youth Part. Bail was set for both AO D.R. and AO J.W. at $25,000.00 A, B; $70,000.00 E at 10%. If bail was posted, the [*2]AO's were each to be released on RUS supervision with Court imposed conditions.
On May 22, 2025, the People declined to run the felony hearing and the Defendants were released. The People also conceded the six-day reading, and this Court concluded that the charges did not meet the requirements of CPL § 722.23(2)(c) to presumptively remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for July 10, 2025.

Findings of Fact

It is alleged that on May 18, 2025, Officers on patrol observed a silver Hyundai Sedan driving past in the City of Buffalo. Upon running the plate, NY REG XXXXX, Officers discovered that the Hyundai had been reported as stolen. A New York State Trooper began pursuit of the vehicle, putting on his sirens and lights. The vehicle refused to stop and was observed driving in an unsafe manner at a high rate of speed. During the pursuit, the Trooper observed a firearm thrown from the vehicle. The firearm, a loaded .380 ACP Hi Point, was later recovered and submitted for testing.
The vehicle was found at an intersection in the City of Buffalo, where it had crashed into a pole. The two occupants of the vehicle, later identified as AO D.R. and AO J.W., had fled on foot. Both AOs were later arrested.

Conclusions of Law

The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). When an adolescent offender is charged with a violent felony as defined in Penal Law § 70.02, within six calendar days of the adolescent offender's arraignment, the youth part of superior court is required to review the accusatory instrument and determine whether the prosecutor has proven by a preponderance of the evidence that the adolescent offender caused 'significant physical injury' to someone other than a participant in the crime, displayed a 'firearm, shotgun, rifle or deadly weapon as defined in the penal law' in furtherance of the crime, or unlawfully engaged in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact as defined in section 130.00 of the Penal Law (CPL § 722.23(2)(a), (c)). Here, the People conceded the reading was not met.
The matter must be transferred to Family Court if these factors are not present unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021) citing Assembly Record, p. 39).
The People argue that extraordinary circumstances exist, stating that the AO's actions were cruel and heinous, caused public safety concerns, and involved a loaded firearm. The People allege [*3]these factors separate this matter from "an ordinary stolen car case." Mitigating factors were raised by both defense counsel. Counsel for AO J.W. stated that no injuries to law enforcement or other parties have been alleged, and the weapon involved in this incident was not reported as having been discharged. Counsel for AO D.R. raised that his client was the passenger in said vehicle, and that the firearm was later determined to be inoperable. Both counsel state that their clients would be amenable to the heightened services offered in Family Court.
This Court finds that highly unusual and heinous facts have not been proven. It is not alleged that either youth brandished the firearm or used said firearm in furtherance of any crimes. Neither AO caused physical harm to any other person or damaged any personal property, nor is it alleged that either Defendant committed a series of crimes over a short period of time. AO J.W. does not have a history in Youth Part. AO D.R. had one prior case that was removed from Youth Part to probation adjustment.
Based on the information provided and the allegations presented by the People, this Court has no reason to believe that this Youth will not be amenable to the heightened services of Family Court (People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023)).
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39.) Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER
HON. BRENDA M. FREEDMAN